IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| V. | ) | CR. No.: 1:05cr286-T |
| | ) | |
| **DECOREY CANTAVIOUS BRADLEY** | ) | |

**MOTION TO SUPPRESS PHYSICAL EVIDENCE
FOUND DURING ILLEGAL SEARCH**

**COMES NOW** the defendant, DeCorey C. Bradley, by and through undersigned counsel, and files this Motion to Suppress Physical Evidence Found During the Illegal Search of 415 Mona Drive, Apt. 2, Dothan, Alabama 36303.

**Facts**

On May 3, 2005, Cpl. Steven Jones of the Dothan Police Department sought and obtained a Search Warrant for 415 Mona Drive Apt. #2, Dothan, Alabama 36303 (the residence) from Alabama State Judge Rose Gordan. *Exhibit 1*. In the affidavit in support of the search warrant, Officer Jones states that it is his belief that marijuana could be located at the residence because, "Within the last 24 hours, I spoke with a reliable confidential informant that has provided information in the past that has proven to be true and correct. The informant advised that within the last 72 hours marijuana was seen in the possession of a black male whose name is otherwise unknown to the informant at the above listed residence."

The affidavit does not state that the confidential informant's (CI) purchase was made at the direction of law enforcement, that it was a "controlled buy/purchase", that the purchase was

audio/video taped (or monitored in any way), that any of the information given by the CI was corroborated, that the CI actually went into the residence nor does the confidential informant describe the residence. Nevertheless, a search warrant was issued.

Because the affidavit in support of the search warrant does not set forth probable cause for the search and there is no *Leon* "good faith" exception to the officer's reliance on the warrant, the search was illegal and must be suppressed.

## Discussion

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const., Amend IV. As a social visitor to residence, Mr. Bradley had an expectation of privacy in the residence. *See Minnesota v. Carter,* 119 S.Ct. 469 (1998). Accordingly, he has standing to challenge the search of his mother's residence. *Id.*

In order for the search and seizure of the residence to be Constitutional, there must be probable cause for the search. *Illinois v. Gates*, 462 U.S. 213 (1983). Specifically, given the totality of the circumstances, **on its face**, the warrant must demonstrate there is a fair probability that contraband or other evidence of a crime would be found in the residence. *Illinois v. Gates*, 462 U.S. 213 (1983). When the probable cause for the search warrant is based upon information provided by a CI, the credibility of the CI and the veracity and reliability of the information provided is critical to a determination of probable cause. *Id*; *United States v. Foree,* 43 F.3d 1572. Therefore, the search warrant application must set forth the basis of the informant's knowledge and a recitation of the informant's reliability. *See Foree,* 43 F.3d at 1575-1576*; United States v. Brundidge*, 170 F.3d 1350 (11th Cir. 1999). If no such verification of the reliability is present in the warrant application, the

court may look to the details given by the CI and contained within the affidavit to determine the CI's veracity. *Foree,* 43 F.3d at 1576. If relevant, material and sufficient detail are provided by the CI, even without sufficient information regarding the CI's reliability, probable cause may still be found. *Id.*

In this case, Officer Jones states the CI at issue has proven reliable in the past. No other information is given. This form of cursory verification of veracity of the CI is not sufficient. Additionally, there is no relevant, material and sufficiently detailed information contained within the affidavit (from the CI) demonstrating credibility. The warrant is issued simply because a supposedly reliable informant states he bought drugs from an unknown individual in the vicinity of the residence. The CI does not describe Mr. Bradley, the residence, its location or the time of the purchase. Additionally, the warrant does not state that the CI's purchase was made at the direction of law enforcement, that it was a "controlled buy/purchase", that the purchase was audio/video taped (or monitored in any way), or that any of the information given by the CI was corroborated.

In summary, it is possible this informant either made the story up or bought the marijuana from anyone at some location near the residence. There is no evidence supporting probable cause to believe the CI saw Mr. Bradley in possession of the marijuana. Additionally, an experienced officer provided this insufficient evidence to the judge for the search warrant. Therefore, he knew or should have known there was not a sufficient cause or a "good faith basis" for the search. *United States v. Leon*, 468 U.S. 897 (1984).

WHEREFORE, the defendant prays that this Honorable Court conduct an evidentiary hearing to review the facts and circumstances surrounding the search of 415 Mona Drive, Apartment 2, Dothan, AL 36303 and after conducting such hearing, issue an Order granting the motion and

suppressing all evidence found during the search of the room.

    Dated this 18th day of January 2006.

                                     Respectfully submitted,

                                     s/ Kevin L. Butler
                                     KEVIN L. BUTLER
                                     First Assistant Federal Defender
                                     201 Monroe Street, Suite 407
                                     Montgomery, Alabama 36104
                                     Phone: (334) 834-2099
                                     Fax: (334) 834-0353
                                     E-mail: kevin_butler@fd.org
                                     AZ Bar Code: 014138

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| V. | )   CR. No.: 1:05cr286-T |
| | ) |
| DECOREY CANTAVIOUS BRADLEY | ) |

### CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2005, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Kent Brunson, Esquire
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, Alabama 36104

Respectfully submitted,

s/ Kevin L. Butler
KEVIN L. BUTLER
First Assistant Federal Defender
201 Monroe Street, Suite 407
Montgomery, Alabama 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
E-mail: kevin_butler@fd.org
AZ Bar Code: 014138